IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| BRENT ANDRE PARRIS, | ] | |
| | ] | |
| Petitioner, | ] | |
| | ] | |
| vs. | ] | 4:09-cv-1473-JFG-RRA |
| | ] | |
| WARDEN BILLY MITCHEM, et al., | ] | |
| | ] | |
| Respondents. | ] | |

### MEMORANDUM OPINION

This is a habeas corpus petition. The magistrate judge entered a report and recommendation, recommending that the action be dismissed. Parris has filed sixty-five pages of objections in which he objects to the resolution of every single claim in the magistrate judge's report and recommendation, as well as the statement of facts. The court will address only those objections that warrant further discussion.

Parris contends that the magistrate judge failed to address his "imperfect self-defense doctrine claim (Habeas Brief p. 10), the trial court's failure to instruct the jury on lesser-included offenses claim (Habeas Brief p. 13), the trial court's failure to instruct the jury on defense of a third-party claim (Habeas Brief p. 19-21), and the trial court's unlawful actions regarding Parris' denial of speedy trial claim (Habeas Brief p. 48-50); Ground 9(c)(i) and Ground 9(c)(iii)." *Objections to the Report and Recommendation*, Court Document 25 at page 3.

In his *Brief and Memorandum of Law*, Parris argued as an afterthought of his insufficient evidence claim (Claim 1), that "[a]lternatively, Parris submits that the shooting

was a result of an '"imperfect" self-defense,' wherein Parris inadvertently caused the serious wounding of the victim while defending himself, but did so in an unlawful manner by using excessive force, comprising only a lesser degree of assault." *Brief and Memorandum of Law*, Court Document 2 at page 39.  However, Parris did not present this theory as part of his sufficiency of the evidence claim on direct appeal.  Thus, he is barred from presenting the claim in this court.

Although Parris claims that the report and recommendation failed to address his claim that the trial court erred in refusing to instruct the jury on lesser-included offenses, the claim was in fact addressed on pages 11 and 12 of the report and recommendation.  Similarly, Parris claims that the report and recommendation failed to address his claims that the trial court erred in failing to instruct the jury on defense of a third-party claim (Claim 2(d)), and that the trial court acted unlawfully regarding his speedy trial claim (Claim 9).  These claims were presented by Parris as part of Claim 2(d) and as part of Claim 9, and were necessarily included by the magistrate judge when he addressed Claim 2(d) on pages 11 and 12 of the report and recommendation and when he addressed Claim 9 on pages 25-34 of the report and recommendation.

Parris argues that his actual innocence claim has not been addressed.  In support of his Final Amended Traverse, Parris submitted the affidavit of Katie Conner, the mother of his child, claiming that her "affidavit makes a colorable showing of 'actual innocence' on Parris behalf, thus satisfying the 'fundamental miscarriage of justice' exception to any procedural rules Parris may have violated," because the "jury convicted Parris of attempted murder based primarily on Conner's testimony against him at trial, so Conner's subsequent affidavit should

carry substantial evidentiary weight." *Final Amended Traverse*, Court Document 21 at page 5.

Although he argues that he has not defaulted any of his claims, Parris also contends that he has satisfied the "fundamental miscarriage of justice" standard in the event that any of his claims are procedurally defaulted. A federal habeas court will consider a procedurally defaulted claim in the absence of cause for failing to exhaust the claim, if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." *Smith v. Murray*, 477 U.S. 527, 537-38 (1986) (*quoting, respectively, Engle*, 456 U.S. at 135, and *Murray,* 477 U.S. at 496).

In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court elaborated on the fundamental miscarriage of justice exception and the necessity of showing innocence. To meet this exception, the petitioner "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. The standard focuses on the *actual* innocence of the petitioner. As the Supreme Court explained:

> Instead, the emphasis on "actual innocence" allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial. Indeed, with respect to this aspect of the *Carrier* standard, we believe that Judge Friendly's description of the inquiry is appropriate: the habeas court must make its determination concerning the petitioner's innocence "in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongfully excluded or to have become available only after trial."

*Id.* at 327 (*quoting* Friendly, *Is Innocence Irrelevant? Collateral Attack on Judgment*, 38 U.Chi.L.Rev. 142, 160 (1970)). To be credible, a claim of actual innocence must be based

3

on reliable evidence not presented at trial.  *Fortenberry v. Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002).  The actual innocence exception is "exceedingly narrow in scope" and requires proof of factual innocence, not just legal insufficiency.  *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001), *cert. denied*, 535 U.S. 926 (2002); *Sawyer v. Holder*, 326 F.3d 1363, 1367 (11th Cir. 2003)(*citing Bousley v. United States*, 523 U.S. 614, 623-24 (1998)).

Parris maintains that Conner's affidavit makes a colorable showing that he is actually innocent.  In her affidavit, Katie Connor states the following:

> I was present and an eyewitness to the entire sequence of events on the night of April 12, 1997, between Brent Parris and Randy Davidson at 714 Padenriech Avenue, Gadsden, Alabama.  I was called as a witness in this case, and testified for the prosecution at the jury trial.
>
> From what I witnessed on the night of April 12, 1997, the whole incident occurred very fast and suddenly.  Parris and Randy Davidson had not had any words or argument on that night, nor had they ever in the past.  Parris <u>was not</u> the aggressor and Davidson started the entire incident by stabbing Parris in the face with a knife and assaulted him by cutting him.  Only then did Parris react to being attacked by shooting Davidson.  I wish to clarify that Davidson was in close proximity to Parris and he was not lying on the ground at the time he was shot.  I heard and saw only one fire (light) from Parris' gun, and not any more.  I heard a gunshot, and I saw Davidson fall to the ground.
>
> After Davidson stabbed Parris, and Parris shot him, I got into Parris' car as Parris was fleeing the scene because he was afraid of being shot.  As he was driving away, he showed me his face where he had been stabbed close to his eyes and I witnessed blood running from his wounds into his eyes.  Parris asked me if Davidson had been shot.  I told him that I did not know.  We stop[ped] a few miles down the road.
>
> Neither Parris nor I knew for sure that Davidson had been shot until the Police told us.  Parris never planned, nor did he have any intentions of killing or attempting to murder Randy Davidson that night.
>
> I know that if Parris were released from prison on work release or parole, he would not be a threat to society.

4

*Affidavit of Katie Louise Conner*, Exhibit B to Petitioner's Final Amended Traverse, Court Document 21 at pages 74-74.

Parris characterizes Conner's affidavit as "assert[ing] that her testimony against Parris at trial was false and/or erroneous." *Final Amended Traverse*, Court Document 21 at page 4. Specifically, he states that Conner swore to the following in her affidavit:

> 1) that Conner testified for the prosecution at Parris' jury trial, 2) that Conner witnessed the entire incident between Parris and Davidson, 3) that Davidson attacked Parris with a knife for no reason whatsoever, 4) that Parris acted entirely in self-defense during the altercation, 5) that Conner's testimony at trial concerning distances and positions of the parties were not accurate, 6) that [the victim] was in closer proximity to Parris at the time of the shooting than Conner testified at trial, and 7) that Conner's trial testimony that [the victim] was laying [sic] on the ground at the time of the shooting was false.

*Id.* at 4-5.

In her affidavit, Katie Conner stated that she wished to "clarify" her testimony from the trial. At trial, Conner testified that Parris got out of his vehicle and was advancing towards the victim before he shot him (*Trial Transcript*, Respondents' Exhibit 1, Court Document 7-27 at page 44); that the victim was walking away from Parris and back to the house when he was shot (*Trial Transcript*, Respondents' Exhibit 1, Court Document 7-27 at page 33-34, 39 and Court Document 7-28 at page 7); that the victim was almost to the porch when he was shot (*Trial Transcript*, Respondents' Exhibit 1, Court Document 7-27 at pages 34-35); that she heard a gunshot (*Trial Transcript*, Respondents' Exhibit 1, Court Document 7-27 at page 35 and Court Document 7-28 at page 7); that immediately after she heard the gunshot, the victim fell to the ground (*Trial Transcript*, Respondents' Exhibit 1, Court Document 7-27 at page 35 and Court Document 7-28 at page 7); and that prior to the

shooting, Parris had been cut in the face by the victim and was bleeding (*Trial Transcript*, Respondents' Exhibit 1, Court Document 7-28 at page 6).

Connor did not recant her testimony at all in the affidavit. Basically, she "clarified" her testimony to explain that the victim was in close proximity to Parris when he was shot, that the victim was not lying on the ground when he was shot, that she heard and saw only one gunshot, that she saw the victim fall to the ground, and that Parris had been cut in the face by the victim. The only portion of her affidavit that could possibly be found to contradict her trial testimony is her statement in her affidavit that the victim was in close proximity to Parris when he was shot. At trial she described him as being "almost to the porch" when he was shot. However, even if these statements are contradictory, the distance of the victim from Parris when he shot him has little, if any, bearing on whether or not the petitioner is guilty of attempted murder. The evidence at trial revealed that Parris shot the victim in the back[1] while he was walking away from Parris. Connor's affidavit does nothing to contradict that evidence.

To present a credible claim of actual innocence, the petitioner must offer reliable evidence not presented at trial that shows that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. Even assuming Connor's affidavit to be credible, it is highly unlikely that the difference in her testimony would have made it more likely than not that no reasonable juror would

---

[1] Dr. Henry Ruiz, a neurosurgeon who treated the victim on the night of the shooting, testified that the gunshot wound was located on "[w]hat in laymans terms you can describe as the flank . . . [b]ut, certainly, the thoracic area of the back." Respondents' Exhibit 1, Court Document 7-30 at page 16.

have found Parris guilty beyond a reasonable doubt. The petitioner has not met the *Schlup* standard of actual innocence.

With respect to Claim 2, Parris objects to the magistrate judge's conclusion that the jury instruction claims are due to be dismissed because he raised the claims on direct appeal, but only as to matters of state law, and that he has not shown how the state court's jury instructions rendered his trial fundamentally unfair. Parris alleges that he "did argue on direct appeal that his jury instruction claims violated federal constitutional rights and/or federal law, not merely state law." *Objections to the Report and Recommendation*, Court Document 25 at page 11. However, the petitioner is incorrect. The jury instruction claims were raised only as state law claims. *Respondents' Exhibit 3,* Parris' Brief on Direct Appeal, Court Document 7-37 at pages 29-43. Further, the petitioner has not shown that the alleged errors in the trial court's jury instructions rendered his trial fundamentally unfair. Claim 2 is due to be dismissed as the magistrate judge determined.

In Claim 8, Parris alleges that the trial court erred by failing to hold a "bond revocation hearing and/or an arraignment." The magistrate judge found that the claims are procedurally defaulted because when Parris raised the claims on direct appeal, the Alabama Court of Criminal Appeals found the claims to be defaulted because Alabama law requires such claims to be brought prior to trial. Parris claims that the magistrate judge held that:

> The court notes that in raising these claims at trial, the petitioner only alleged violations of state evidentiary laws. To the extent that he now claims that these rulings violated his constitutional rights, such claims are barred from review in this court because Parris has never presented the claims to the state courts as federal constitutional claims.

Parris contends that this ruling was in error. However, the language quoted by the petitioner appeared in footnote 3 on page 23 of the Report and Recommendation. Footnote 3 pertained to the prior claim addressed in the Report and Recommendation, not to Claim 8.

Parris further claims with respect to his claim that his bond was revoked without a hearing, that he exhausted the claim by presenting it twice prior to trial in a Motion to Dismiss (Court Document 7-3 at page 87), and in a Petition for a Writ of Mandamus (Court Document 7-3 at page 103). Regardless of whether or not this claim was exhausted and/or procedurally defaulted, it is due to be dismissed because Parris's challenge to the revocation of his bond became moot when he was convicted and sentenced. *See Fassler v. United States*, 858 F.2d 1016, 1018 n.3 (5th Cir. 1988), *cert. denied*, 490 U.S. 1099 (1989). Claim 8 is due to be dismissed.

Parris next argues that "the Magistrate recommends that Claim #12 should be dismissed because Parris did not present this claim to the Alabama Supreme Court in his certiorari petition on direct appeal, yet the record plainly shows that this claim was presented, verbatim, as Claim #1 in Parris' certiorari petition - - the very first claim (Certiorari Petition p. 14-19)." *Objections to the Report and Recommendation*, Court Document 25 at pages 2-3. In Claim 12, Parris claimed that he received ineffective assistance of counsel at trial because counsel failed to request "jury instructions on the lesser-included offenses of 'assault 1st Degree,' 'Attempted Heat-of-Passion Manslaughter,' and 'Attempted Reckless Manslaughter.'" In Claim 1 of the petition for a writ of certiorari from the Alabama Court of Criminal Appeals' affirmance of the denial of his Rule 32 petition, Parris argued that the trial court erred in failing to charge the jury on heat of passion manslaughter. *Respondents'*

*Exhibit 13*, Court Document 7-52 at pages 3-5.  He argued the claim only as a substantive claim and made no argument that his attorney was ineffective for failing to request the instruction.  Further, he did not raise this claim on pages 8 through 11 of his certiorari petition where he raised several ineffective assistance of counsel claims.[2]  Claim 12 is due to be dismissed as the magistrate judge concluded.

In Claim 14, Parris claims that he received ineffective assistance of counsel at trial because counsel refused to allow Parris to testify in his own defense due to his prior assault conviction.  When he raised this claim on appeal from the denial of his Rule 32 petition, the Alabama Court of Criminal Appeals held that it was "dismissed by the trial court on grounds that they were procedurally barred pursuant to Rule 32.2(a)(2) and (4), Ala. R. Crim. P." because the trial judge found that Parris had advised the trial judge under oath that it was his decision not to testify in his own defense.  *Magistrate Judge's Report and Recommendation*, Court Document 22 at pages 40-41.  Thus, the magistrate judge found that the claim was procedurally defaulted because the "last state court to review the petitioner's claims 'clearly and expressly' stated that its judgments rested on procedural bars, which were independent and adequate under state law.  *See Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir. 1990)."

---

[2] Although the petitioner maintains that he raised this claim on pages 14-19 of his certiorari petition, the court notes that the petition only goes through page 15, and that Parris did not raise a claim that he received ineffective assistance of counsel at trial because counsel failed to request jury instructions on lesser-included offenses on pages 14-15.

Parris maintains that the claim is not procedurally defaulted. He argues that "[a]lthough the trial court dismissed this claim, holding that it had been previously raised and addressed on direct appeal, the claim had never before been presented before." *Objections to the Report and Recommendation*, Court Document 25 at page 48. The petitioner seems to be confusing Claim 14 with Claim 16, the claim that counsel was ineffective for failing to introduce the knife at trial. It was Claim 16 that the appeals court held was defaulted because it was addressed on direct appeal. The appeals court found that Claim 14 was "procedurally barred pursuant to Rule 32.2(a)(2) and (4), Ala. R. Crim. P." because the trial judge found that Parris had advised the trial judge under oath that it was his decision not to testify in his own defense. This argument with regard to Claim 14 is incorrect.

Furthermore, Claim 14, that counsel were ineffective for refusing to allow Parris to testify in his own defense due to his prior assault conviction, is due to be dismissed on the merits. In order to succeed on an ineffective assistance of counsel claim, the petitioner must show the following:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Parris claims that he repeatedly told his lead attorney, Susan James, that he wished to testify, but she refused to permit him to testify, threatening to quit in the middle of the trial if Parris did not tell the court that it was his decision not to testify. At trial, after the state

rested its case, the defense made an unsuccessful motion for acquittal. Following the denial of that motion, defense counsel indicated that the defense also wished to rest its case, but asked that the court hear testimony from the defendant regarding his decision not to testify in his own defense. Parris testified to the following at trial:

> DEFENSE COUNSEL: Your Honor, at this time we would indicate to the Court that we're going to rest. However, I would ask the Court to allow us to take some brief testimony from the defendant with regard to his right to testify and his decision not to testify in his own behalf.
>
> THE COURT: I agree with that. We'll do that at this time. I guess we'll need Mr. Parris to sit up here. Or I don't know, can he speak into that mike? Can we hear - -
>
> DEFENSE COUNSEL: I think she can hear him.
>
> THE COURT: Put it in front of him there.
>    Mr. Parris, if you'll raise your right hand.
>        (Sworn by the Court.)
>
> THE COURT: State your name for the record, please.
>
> PARRIS: Brent Andre Parris.
>
> THE COURT: I think we'll be able to hear him fine from there.
>    Susan, you go ahead.
>
> DEFENSE COUNSEL: Would you state your name, please.
>
> PARRIS: Brent Andre Parris.
>
> DEFENSE COUNSEL: Mr. Parris, are you the defendant in this case?
>
> PARRIS: I am.
>
> DEFENSE COUNSEL: And are you represented by myself, Susan James, Nancy Lacey, and Warren Freeman?
>
> PARRIS: That's correct.

>DEFENSE COUNSEL: And have you had an opportunity to discuss strategy and defense in this case with regard to the trial?
>
>PARRIS: I have.
>
>DEFENSE COUNSEL: And have we discussed with you your Constitutional right not to testify in your own defense, if you so choose?
>
>PARRIS: You have.
>
>DEFENSE COUNSEL: And have we also discussed with you your Constitutional right to testify, if that is your desire?
>
>PARRIS: You have.
>
>DEFENSE COUNSEL: After consultation with us and consultation with your family, as well as knowing what the State's case is and what your situation is with regard to prior criminal history and those type things, have you made a decision as to whether or not it's your decision to testify.
>
>PARRIS: I have.
>
>DEFENSE COUNSEL: And what is that decision?
>
>PARRIS: I choose not to testify.
>
>DEFENSE COUNSEL: Okay. Have you been coerced in any way to make that decision?
>
>PARRIS: No, ma'am.
>
>DEFENSE COUNSEL: And is that decision your own decision of your own free will?
>
>PARRIS: Yes, ma'am.
>
>DEFENSE COUNSEL: That's all, Your Honor.

*Trial Transcript*, Court Document 7-30 at pages 37-39.

The representations made by Parris at trial constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong

presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). The petitioner's sworn trial testimony undermines his current claim that he wanted to testify in his own defense. Further, the fact that Parris expressed no concerns about his decision not to testify when he had the opportunity to do so undermines his current allegation that his attorney threatened to quit in the middle of his trial if he testified. Parris's conclusory allegation that his attorney refused to allow him to testify is insufficient to establish that his decision not to testify was the product of ineffective assistance of counsel. Therefore, this claim is without merit and due to be dismissed.

Parris argues that Claim 16, that counsel were ineffective for failing "to introduce the knife used by the victim to attack Parris into evidence at trial" is not procedurally barred. Regardless of whether or not the claim is procedurally barred, it is also due to be dismissed on the merits.

Parris claims that:

> It is clear from the evidence presented at trial that the victim assaulted Parris with a large knife. Parris' primary defense at trial was self-defense - - that he was defending himself from being attacked with this knife. Of course, the jury would have an interest in inspecting this knife, but Defense Counsel failed to properly introduce it into evidence. During deliberations, the jury sent a written request to the trial court stating: "We don't have the knife. Can we have it?" The Prosecution objected on the grounds that the knife had not been re-admitted into evidence; the trial court agreed with the Prosecution and precluded the knife from the jury room.

*Petition*, Court Document 1 at pages 39-40. However, as Parris himself admits, it is clear from the evidence presented at trial that the victim assaulted Parris with a large knife before being shot by Parris. The fact that the victim injured Parris with the knife was never disputed at trial. Thus, even assuming that counsel was deficient for failing to have the knife entered

13

into evidence, it is impossible to imagine that the jury's lack of physical possession of the knife could have prejudiced the defense in any way. It is highly improbable that the result of the trial would have been any different if the jury had the knife in their possession. This claim is without merit and is due to be dismissed.

The magistrate judge found that Parris's Claim 17, that counsel was ineffective for failure to object that Parris was never arraigned, is procedurally barred because Parris did not raise the claim in his petition for certiorari following the Alabama Court of Criminal Appeals' affirmance of the denial of his Rule 32 petition. Parris argues that the claim is not defaulted because he did in fact raise the claim as Claim 15 on page 51 of his certiorari petition. Parris raised fourteen claims in his petition for a writ of certiorari from the Alabama Court of Criminal Appeals' denial of Parris' Rule 32 petition. See *Respondents' Exhibit 13*, Court Document 7-52. His claim that counsel was ineffective for failing to object that Parris was never arraigned was not included in that petition. Thus, Claim 17 is procedurally barred from review in this court as the magistrate judge determined.

The court has considered the entire file in this action, including the report and recommendation and the petitioner's objections to the report and recommendation, whether specifically commented upon or not, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. This habeas petition is due to be dismissed. An appropriate order will be entered.

**Done,** this 25th day of September, 2012.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE